GRAND HOTEL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18501. Promulgated December 23, 1930.

*George W. Roberts, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

**OPINION.**

BLACK : Petitioner's specification of errors was as follows:

1. The Commissioner of Internal Revenue erred in holding the $3,956.76 taxes paid by petitioner in 1922 to be an assessment against Mr. J. E. Ransome, the property holder in 1921.

2. The Commissioner of Internal Revenue erred in holding that the $3,956.76 taxes paid by the petitioner in 1922 became a part of the purchase price of the Grand Hotel Building.

3. The Commissioner of Internal Revenue erred in disallowing as a proper deduction for income-tax purposes taxes paid by the petitioner in 1922, and in assessing $436.72 additional income tax as a result of such disallowance.

We have decided in the case of *Crown Willamette Paper Co.*, 14 B. T. A. 133, and *Arcade Department Store*, 18 B. T. A. 1172, that taxes in the State of Washington accrue in the year in which they are levied and are specifically made a lien on real property from and including March 1, in that year, although not due and

payable until the following year. We further held that such taxes were deductible by a taxpayer who kept his books on the accrual basis in the year when the taxes were levied and not in the following year when paid.

In the instant case the taxes were assessed, levied, and accrued during the year 1921, while J. E. Ransome was the owner of the hotel real estate. These taxes were a lien on the property from and after March 1, 1921, although they were not due and payable until February, 1922, and under the cases cited were deductible by the owner, J. E. Ransome, in 1921 if he kept his books on the accrual basis and in 1922 if he determined his income on the cash receipts and disbursements basis. The fact that the petitioner became the owner of the property in 1922 does not alter our conclusion as in that event the case of *John Hancock Mutual Life Insurance Co.*, 10 B. T. A. 736, applies and is controlling. There the tax laws of Massachusetts provided that taxes assessed upon land became a lien thereon from April 1 in the year of assessment. In that case the insurance company purchased property on September 29, 1921, upon which the taxes for 1921 were unpaid and had been a lien thereon since April 1, 1921. It paid the taxes on November 1, 1921, when they were due and payable. In that case we said:

It is then apparent that taxes which have become a lien against real estate in Massachusetts prior to the date of sale are primarily an obligation of the seller and not of the purchaser. If then the purchaser of real estate agreed to pay a lien which he knew existed as a charge on the property at the time of its purchase, and if, in fact, he does discharge that lien by payment, he has not in fact paid taxes or interest of which the lien may have consisted, but he is simply completing his payments in the purchase of the property. The taxes and interest installments which he paid were the seller's taxes and interest installments and it was by an agreement and reduction in the purchase price that the purchaser paid them on behalf of the seller.

Section 234(a) (3) reads:

In computing the net income of a corporation subject to the tax imposed by section 230, there shall be allowed as deductions:

\*     \*     \*     \*     \*     \*     \*

(3) Taxes paid or accrued within the taxable year.

Of course it is needless to say that the taxes within the intendment of the statute are the taxpayer's own taxes. For the entire period of 1921 the hotel real estate was owned by J. E. Ransome`and the taxes for that year were assessed against the property while it stood in his name and became a lien on the. property on March 1, 1921. It is true that when petitioner bought the property in 1922 the 1921 taxes were not yet delinquent, but nevertheless the lien had attached and when petitioner paid the taxes which were for a prior year accrued at a time when it was not the owner of the property, its action

in paying the taxes can only be regarded as the payment of a part of the purchase price. Surely petitioner would not pay taxes which had accrued against property in a prior year when it was not the owner, without having due allowance made for this payment in the agreed purchase price.

At the time the petitioner purchased the property there was a lien against it held by the New York Life Insurance Co. and as a part of the purchase price petitioner paid off the mortgage and all accrued interest and full allowance was made for this payment in the adjustment of the purchase price. This lien by the New York Life Insurance Co. was no more valid and outstanding against the property than was the lien which the State of Washington had for 1921 taxes. Both stand on the same footing.

The total amount of the purchase price was not proved at the hearing and the deed of conveyance to petitioner was not introduced in evidence, but on the facts proved we hold that the payment by petitioner of these 1921 taxes was a payment of a part of the purchase price of the property and was not deductible in determining petitioner's net income for the year 1922.

*Decision will be entered for the respondent.*