## PUBLIC SERVICE COMMISSION OF INDIANA ET AL. *v.* BATESVILLE TELEPHONE CO.

No. 120. Jurisdictional statement submitted October 12, 1931. Decided October 26, 1931.

For opinion below, see 46 F. (2d) 226.

*Messrs. James M. Ogden* and *G. W. Hufsmith* for appellants.

*Messrs. Wm. H. Thompson* and *Albert L. Rabb* for appellee.

*Per Curiam:* This suit was brought to restrain the enforcement of an order of the Public Service Commission of Indiana upon the grounds that the commission had exceeded its authority and that the order violated the due process clause and the equal protection clause of the Fourteenth Amendment of the Federal Constitution. The District Court (a single judge sitting, as an interlocutory injunction was not sought, *Stratton* v. *St. Louis, S. W. Ry. Co.*, 282 U. S. 10, 15) dismissed the bill for want of equity. The decree was reversed by the Circuit Court of Appeals, which directed that the relief for which the bill prayed be granted. The sole ground of the decision of the Circuit Court of Appeals was that the Public Service Commission had no jurisdiction under the law of the State to make the order.

The statute governing appeals to this Court from the Circuit Court of Appeals is § 240 of the Judicial Code as amended by the Act of February 13, 1925 (c. 229, 43 Stat. 936, 938), which provides in paragraphs (b) and (c) as follows:

"(b) Any case in a Circuit Court of Appeals where is drawn in question the validity of a statute of any State, on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, and the decision is against its validity, may, at the election of the party relying on such state statute, be taken to the Supreme Court for review on writ of error or appeal; but in that event a review on certiorari shall not be allowed at the instance of such party, and the review on such writ of error or appeal shall be restricted to an examination and decision of the federal questions presented in the case.

"(c) No judgment or decree of a Circuit Court of Appeals or of the Court of Appeals of the District of Columbia shall be subject to review by the Supreme Court otherwise than as provided in this section."

The plain intent of this statute is to limit appeals to this Court from a Circuit Court of Appeals to cases where its decision is against the validity of a statute of a State upon the ground of its being repugnant to the Constitution, treaties, or laws of the United States. In other cases, review by this Court, if it be had, must be pursuant to a writ of certiorari duly applied for and granted.

As in this case the Circuit Court of Appeals did not decide against the validity of the order of the Public Service Commission upon the asserted federal grounds, but dealt with its validity solely under the state law, the appeal must be dismissed. [See *post,* p. 578.]