CALIFORNIA SANITARY COMPANY, LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 68655. Promulgated February 20, 1935.

*Claude I. Parker, Esq., John B. Milliken, Esq.,* and *George H. Koster, Esq.,* for the petitioner.

*Thomas F. Callahan, Esq.,* for the respondent.

124

OPINION.

BLACK: Under the tax laws of California both real and personal property are assessed to the persons by whom they are owned or claimed, or in whose possession or control they are, at twelve o'clock meridian of the first Monday in March. The Political Code of California, section 3628, reads as follows:

SEC. 3628. * * * The assessor must, between the first Mondays in March and July of each year, ascertain the names of all taxable inhabitants, and all the property in his county subject to taxation, except such as is required to be assessed by the state board of equalization, and must assess such property to the persons by whom it was owned or claimed, or in whose possession or control it was, at twelve o'clock meridian of the first Monday in March next preceding * * *.

By section 3717 of the code it is provided that taxes due on personal property shall be a lien upon the real property of the owner thereof, from and after twelve o'clock noon of the first Monday in March in each year. Section 3718 provides that taxes due upon real estate shall be a lien and such lien shall attach as of the first Monday in March in each year.

Other provisions of the code relate to the procedure as to the assessment, proceedings before boards of equalization, levying of the tax, and methods of collection.

In the instant case the property was assessed as of the first Monday in March 1930 for the taxes for the fiscal year beginning July 1, 1930. Under the sections referred to above the lien for such taxes accrued and attached to the property as of the first Monday in March 1930. At such time the property was owned by and in possession of the partnership, California Sanitary Canning Co., and was assessed to it. When transferred to the petitioner on June 13, 1930, the property was encumbered with the lien for taxes, which were the taxes assessed against the partnership.

The tax receipt which shows the payment in question was attached as an exhibit to the stipulation and it shows that the property

was assessed to or owned by California Sanitary Canning Co., which is the partnership and not the petitioner corporation. This same tax receipt contains certain printed matter on the back thereof entitled " Important information." Paragraphs 4 and 5 thereof read as follows:

4. *Taxes are levied on both real and personal property* as it exists at 12 o'clock noon on the first Monday in March. Subsequent removal or change of ownership does not relieve the real estate of the personal property tax lien and the Tax Collector cannot credit payments for real property taxes unless the personal property tax has been paid or tendered.

5. *Tax Bills will be pre-mailed only to taxpayers who have filed a statement with the County Assessor* between the first Monday in March and the first day in June, *each year,* of all taxable property, real and personal owned by them, in their possession or under their control at 12 o'clock noon on the first Monday in March of that year. * * *

It seems clear that under these circumstances the taxes in question were accrued liabilities against the partnership, California Sanitary Canning Co., prior to the transfer of the property to petitioner, California Sanitary Co., Ltd.

The subsequent payment of the taxes by the petitioner corporation was a capital expenditure and an additional cost of the property.

We have had this question before us in several cases from different states and have uniformly decided that the owner of the property on the day of assessment and accrual of the lien is the taxpayer primarily liable therefor and that subsequent purchasers paying the taxes are not entitled to a deduction therefor. *Texas Coca-Cola Bottling Co.*, 30 B. T. A. 736; *Grand Hotel Co.*, 21 B. T. A. 890; *Leamington Hotel Co.*, 26 B. T. A. 1004; *First Bond & Mortgage Co.*, 27 B. T. A. 430; *John Hancock Mutual Life Insurance Co.*, 10 B. T. A. 736. We find no substantial difference in the laws of California in this respect from those in the cases previously considered. The action of the respondent is sustained. Cf. *Alden Anderson*, 27 B. T. A. 980, a California case.

*Decision will be entered for the respondent.*