THE AMERICAN LAUNDRY MACHINERY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75721. Promulgated June 17, 1935.

*John Weld Peck, Esq.*, and *John Colville Taylor, Esq.*, for the petitioner.

*O. W. Swecker, Esq.*, for the respondent.

OPINION.

Seawell: The petitioner, an Ohio corporation, kept its books and filed its income tax return for the calendar year 1931 on the accrual basis. In 1932 it paid to the State of Ohio a tax of $9,352.35 upon its manufacturer's inventory, and a further tax of $632.16 upon taxable securities converted into nontaxable securities. The petitioner deducted these amounts in its return for 1931 as taxes accrued within that year. In his determination of a deficiency of $3,543.42 in income tax against the petitioner for 1931 the respondent disallowed the amounts as deductions on the ground that no part of the taxes accrued within the taxable year. Whether the taxes accrued within the year 1931 is the sole question in issue.

We have heretofore held that state taxes accrue for income tax deduction purposes when they become liabilities of the taxpayer. *H. H. Brown Co.*, 8 B. T. A. 112; *Crown Willamette Paper Co.*, 14 B. T. A. 133; *Arcade Department Store, Inc.*, 18 B. T. A. 1172. In other cases we have held that ownership of the property on the date specified in the governing state statute is the event which determines the liability for the tax, even though the amount may not be ascertainable on that date. *Leamington Hotel Co.*, 26 B. T. A. 1004; *Grand Hotel Co.*, 21 B. T. A. 890; *Texas Coca-Cola Bottling Co.*, 30 B. T. A. 736; *California Sanitary Co., Ltd.*, 32 B. T. A. 122.

The statutes of Ohio relating to the taxation of personal property were amended effective June 29, 1931, to the extent applicable here. The tax of $9,352.35 was determined pursuant to the provisions of sections 5385 and 5386 of the amended act. These sections require a manufacturer such as the petitioner to include in its personal property tax return the average value of its inventory of goods " which, from time to time, he has had on hand during the year next previous to listing day annually, if he has been engaged in such manufacturing business so long, and if not, then during the time he has been so engaged." The average value of the inventory is ascertained by dividing the value of the inventory at the close of each month by the number of months the manufacturer was engaged in business during the year. The remaining tax of $632.16 was paid pursuant to the provisions of section 5366 of the amended act, which provides that the term " taxable property " includes:

* * * the monthly average amount or value for the time the taxpayer held or controlled them within the year preceding the date of listing, of all taxable property within that time invested in or converted into bonds or other securities not taxed, and of all other taxable property within that time invested in or converted into bonds or other securities not taxed, and of all other taxable property within that time converted into deposits, to the extent he may hold or control such bonds, securities or deposits on such day * * *.

Prior to the effective date of the amendatory statute, taxpayers of Ohio were required to return personal property for taxation between the second Monday of April and the first Monday of May, annually. Excepting the inventories of manufacturers, ownership of the property as of the day preceding the first filing date was made the basis for listing the property. Secs. 5366, 5366–1, 5370 and 5385, Page's Annotated Ohio General Code. These provisions of the statute were construed by the Commissioner as permitting an accrual of personal property taxes for Federal income tax deduction purposes as of the day preceding the second Monday of April. G. C. M. 8218, C. B. IX–2, 106.

The new act altered both the basis and time of filing returns. Section 5368 provides, among other things not important here, that " Excepting as otherwise provided in this chapter all taxable property shall be listed with respect to ownership or control, valuation and taxing districts as of the beginning of the first day of January, annually * * *." One half of the tax is payable at the time the return is filed and the balance on September 20. Secs. 2656 and 5671–1. All personal property subject to taxation may be seized and sold for taxes and personal property taxes become a lien on real property of the taxpayer charged therewith on December 1. Secs. 5671 and 5694. Another section provides that excepting property of public utilities " the assessment of all such personal property * * * so made in the year 1931, are hereby cancelled and annulled; * * *" and that " The first assessment of taxable property of the kinds and classes mentioned in this act shall take place in the year 1932 at the times and in the manner provided in this act." Sec. 5403–2.

As we interpret the state statute, section 5403–2 thereof operated to relieve the petitioner of tax on the property in question for 1931. This construction of the provision is supported by a photostatic copy of a tax receipt made a part of the stipulation of facts, which is headed:

Butler County

1932—CONCLUDING PAYMENT TAX RECEIPT—1932

Classified and General Personal Property Tax

See also I. T. 2632, C. B. XI–2, 74, quoting a letter from the tax commission of Ohio, to the effect that property such as that involved here will not be taxed for 1931. Having been relieved of all liability for tax on the property for 1931, there was no liability to accrue for that year for Federal income tax deduction purposes.

We do not think the result should be different because the statute bases the tax, in part, upon ownership in the preceding year. While

the inventory tax is based upon values of property on hand at the close of each month in the preceding year, the necessity for listing the property for taxation is conditioned upon a duty to file a return for personal property used in business. Had the petitioner discontinued business prior to the close of 1931, it would not have been required to file a return in 1932 based upon its inventory for 1931. Opinions of the Attorney General of Ohio, 1920, vol. 1, p. 632.

The tax on property invested in or converted into nontaxable bonds or other securities is limited to the value thereof held or controlled on the return date. If the petitioner prior to the close of 1931 had sold the nontaxable property on account of which the tax of $632.16 was paid, it would not have been under any duty to list such property with the state in 1932 for tax purposes.

In our opinion the taxes in question did not constitute liabilities of the petitioner at any time within 1931, and the respondent committed no error in refusing to permit the deduction of the amounts in question as taxes accrued within the taxable year.

*Decision will be entered for the respondent.*