**MERCHANTS BANK BLDG. CO. v. HELVERING, Com'r of Internal Revenue.**

No. 10535.

Circuit Court of Appeals, Eighth Circuit.

June 16, 1936.

William H. Oppenheimer, of St. Paul, Minn. (Frederick N. Dickson, Frank C. Hodgson, Montreville J. Brown, Stan D. Donnelly, and Edwin B. Baer, all of St. Paul, Minn., on the brief), for petitioner.

Howard P. Locke, Sp. Asst: to the Atty. Gen. (Robert H. Jackson, Asst. Atty. Gen., and Sewall Key and Norman D. Keller, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before GARDNER, SANBORN, and BOOTH, Circuit Judges.

GARDNER, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals which determined and adjudged a deficiency of $7,937.-12 in petitioner's income taxes for 1929. At the hearing before the Board of Tax Appeals the facts were stipulated, and, so far as here material, they are substantially as follows:

Petitioner, a Delaware corporation, was organized in March, 1929. Its creation arose from the following circumstances: In that month, the Merchants National Bank and the First National Bank, two separate and distinct national banking institutions, which had been in existence for a number of years in St. Paul, Minnesota consolidated pursuant to provisions of the federal statutes, and under the charter and name of the First National Bank. The real estate owned by each bank was eliminated from the assets of the consolidated bank, and petitioner was incorporated to take over the real estate of the Merchants National Bank. In March, 1929, the Merchants National Bank transferred its real

estate, which. was located in Minnesota, to petitioner, receiving in exchange therefor all of the capital stock of the petitioner. The transaction was handled in strict accordance with the provisions of the income tax laws concerning reorganization, and, so far as the transfer was concerned, was a nontaxable transaction. The property was taken over by the petitioner and placed on its books as of the same value and on the same basis as it stood on the books of the Merchants National Bank. The capital stock of petitioner was sold for cash to the stockholders of the Merchants National Bank who desired to purchase it.

At the time of the transfer there were assessed and unpaid taxes against the property for the year 1928. Petitioner paid these taxes in 1929 and deducted the amount paid from its gross income for that year, but the commissioner disallowed the deduction on the ground that the Merchants National Bank should have accrued the amount and taken it as a deduction on its income tax return for the year 1928. The books and records of the Merchants National Bank were kept on an accrual basis, except as to its taxes, and interest on mortgage indebtedness, which were treated as if on a cash basis. Because of this arrangement, the bank received a deduction in 1928 for the taxes it paid in that year. The system so followed by the bank, which formed the basis for its income tax returns, had been approved by the Treasury Department for many years. Petitioner kept its books and records on a cash receipts and disbursements basis. The Board of Tax Appeals held that the taxes paid by petitioner in 1929 were a part of the cost of the property and were not deductible.

The petitioner contends that the transfer to it being made in a nontaxable reorganization transaction, the real estate took the same base value for income tax purposes in the hands of petitioner that it had in the hands of its predecessor transfer company; that the transaction was not a sale, and that it should be allowed to deduct the taxes paid from its gross income under the provisions of section 23 (c) of the Revenue Act of 1928 (26 U.S.C.A. § 23 and note).

The Revenue Act of 1928 (45 Stat. 791) applies. The pertinent parts are:

(1) Section 23 (in part) as follows:

"In computing net income there shall be allowed as deductions: * * *

"(c) Taxes generally. Taxes paid or accrued within the taxable year."

(2) Section 112 (in part) of the act, 26 U.S.C.A. § 112 and note, as follows:

"(a) General rule. Upon the sale or exchange of property the entire amount of the gain or loss determined under section 111, shall be recognized, except as hereinafter provided in this section.

"(b) Exchanges solely in kind. * * *

"(4) Same—Gain of Corporation. No gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization.

"(5) Transfer to corporation controlled by transferor. No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange."

(3) Section 113 (26 U.S.C.A. § 113 note) in part as follows:

"(a) Property Acquired After February 28, 1913. The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—* * *

"(6) If the property was acquired upon an exchange described in section 112 (b) to (e), inclusive, the basis shall be the same as in the case of the property exchanged. * * * This paragraph shall not apply to property acquired by a corporation by the issuance of its stock or securities as the consideration in whole or in part for the transfer of the property to it;

"(7) Transfers to corporation where control of property remains in same persons. If the property was acquired after December 31, 1917, by a corporation in connection with a reorganization, and immediately after the transfer an interest or control in such property of 80 per centum or more remained in the same persons or any of them, then the basis shall be the same as it would be in the hands of the trans·

feror. * * * This paragraph shall not apply if the property acquired consists of stock or securities in a corporation a party to the reorganization, unless acquired by the issuance of stock or securities of the transferee as the consideration in whole or in part for the transfer;

"(8) Same—Corporation controlled by transferor. If the property was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities in connection with a transaction described in section 112 (b) (5) (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money, in addition to such stock or securities), then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made."

Definitions applicable are:

Section 48 (c) of the act (26 U.S.C.A. § 48 and note): "The terms 'paid or incurred' and 'paid or accrued' shall be construed according to the method of accounting upon the basis of which the net income is computed under this Part."

Section 701 (a), 45 Stat. 878 (see 26 U.S.C.A. § 1696 (1): "When used in this Act—

"(1) the term 'person' means an individual, a trust or estate, a partnership, or a corporation."

Under the laws of Minnesota, these taxes became a lien against the property on May 1, 1928, Mason's Minn.St.1927, § 2191; Martin County v. Drake, 40 Minn. 137, 41 N.W. 942; Thompson v. United States (D. C.) 8 F.(2d) 175.

Petitioner bases its right to deduct the taxes on this real estate upon the fact that it took the property in a nontaxable reorganization proceeding, and that it kept its books of account on a cash basis. It is ingeniously argued that there was neither gain nor loss recognized in the transaction, and that in petitioner's hands the property took, for income tax purposes, the same value it had in the hands of the transferor. The taxes when paid, it argues, must be deemed an expense of petitioner, as otherwise the property would not have the same capital value after the transfer as it had before, and that the bank could have paid the taxes while it owned the property and such payment would be deductible as expense. It is urged that one rule cannot be applied in determining the cost of property as a basis for gain or loss, and a different rule when dealing with the same item as an expense.

It is true that the income tax law, for certain purposes, recognizes that a transfer upon what is included in the broad term "reorganization," is not a sale or other disposition of property. Reorganization includes, by express statutory definition (section 112 (i) (1), 26 U.S.C.A. § 112 and note), merger, consolidation, and a transfer of all or a part of assets. Helvering v. Winston Bros. Co. (C.C.A.8) 76 F.(2d) 381. It is important to observe, however, that in the act such transfers have recognition as being sales or exchanges of property. Section 101 (26 U.S.C.A. § 101 note) is the section dealing with capital net gains or losses which result, as the definitions in subdivision (c) show, from the sale or exchange of capital assets. Section 111 (a) of the act (26 U.S.C.A. § 111 note) provides the basis for determining the "gain from the sale or other disposition of property," or the loss. Section 112 (a), 26 U.S.C.A. § 112 and note, provides that: "Upon the sale or exchange of property the entire amount of the gain or loss determined under section 111, shall be recognized, except as hereinafter provided in this section." Among the exceptions are (b) (3), 26 U.S.C.A. § 112 and note, the exchange of stock or securities in a corporation a party to a reorganization, in pursuance of the plan of reorganization, solely for stock or securities in such corporation or in another corporation a party to the reorganization; (b) (4) the exchange of property by a corporation a party to a reorganization, solely for stock or securities in another corporation a party to the reorganization; and (b) (5) quoted supra. Section 113 (a) 26 U.S.C.A. § 113 note, provides that the basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property, with exceptions, among which are (a) (6) supra, relating to exchanges of property, but not applying to property acquired by a corporation by the issuance of its stock or securities as the consideration in whole or in part for the transfer of the property to it, and (a) (7), applying to the transfer of property other than stock, to a corporation in connection

with a reorganization (a) (8), applying to the transfer of property to a corporation in exchange for its stock, in connection with a transaction described in section 112 (b) (5), supra.

These are the exceptions to the general rule that on the sale or other disposition of capital assets, there may be a taxable gain or loss. Exceptions to a general rule or policy must be strictly construed. Spokane & Inland E. R. R. Co. v. United States, 241 U.S. 344, 36 S.Ct. 668, 60 L.Ed. 1037. To adopt petitioner's contention would necessitate carrying these exceptions, with their plain and specific application to capital gain and losses to which they are manifestly limited, over into the separately treated subject of deductible expenses. The argument, though ingenious, is not convincing. There are equities, too, in petitioner's favor, but the only deductions allowable from gross income are those specifically authorized by statute. Brown v. Helvering, 291 U.S. 193, 54 S.Ct. 356, 78 L.Ed. 725; New Colonial Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; Woolford Realty Co. v. Rose, 286 U.S. 319, 52 S.Ct. 568, 76 L.Ed. 1128; Helvering v. Independent Life Ins. Co., 292 U.S. 371, 54 S.Ct. 758, 78 L.Ed. 1311. Generally speaking, a deduction may only be taken by that taxpayer whose property gives rise to the deduction. Planters' Cotton Oil Co. v. Hopkins, 286 U.S. 332, 52 S.Ct. 509, 76 L. Ed. 1135; Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212. We think the exceptions which have specific application to capital gains and losses cannot be transplanted and made applicable to the subject of deductible expenses. McFeely v. Commissioner, 296 U.S. 102, 56 S.Ct. 54, 80 L.Ed. 83, 101 A.L.R. 304. Section 101 (c), 26 U.S.C.A. § 101 note, defines such terms as "capital gain," "capital loss," "capital deductions," "capital net gain," "capital net loss," "capital assets," and, as distinguished from these terms, defines "ordinary deductions" as the "deductions allowed by section 23 other than capital losses and capital deductions," and "ordinary net income" as "net income, computed in accordance with the provisions of this title, after excluding all items of capital gain, capital loss, and capital deductions."

The transaction between the two corporations was a sale or exchange of property. In a limited sense only can it be said that petitioner succeeded the bank. It was a vendee or grantee and in that sense succeeded its vendor in the ownership of the particular property transferred. Whether the transaction be called a sale, exchange, barter, or be given some other name, is not a matter of primary importance. Manifestly, the act did not have the effect of changing the inherent nature of the transaction. Viewing the transaction as a sale or exchange of property, the question in the final analysis is as to the right of a grantee to deduct as expense, taxes which he pays, but which were liens upon the property at the time of the transfer. This question was considered by us in Helvering v. Missouri State Life Ins. Co. (C.C.A.8) 78 F.(2d) 778, 781. We there said: "These taxes were assessed and had become liens upon the lands while in other ownership. The taxpayer took them subject to the lien of the taxes. The liens were in a sense a part of the capital expenditures for the acquisition of the lands, and hence they did not, in a proper sense, pertain to the investment expenditures of the company to be used in determining net income. These taxes stand on an entirely different basis than taxes on real estate accruing after acquisition."

In Falk Corporation v. Commissioner (C.C.A.7) 60 F.(2d) 204, 207, the same rule is announced. The court said: "We do not regard our holding as in any way limiting the plain words of the statute; but, on the other hand, we say that petitioner has not brought itself within the statutes because in reality it has paid no tax in the true sense of that word."

This rule has consistently been followed by the Board of Tax Appeals. John Hancock Mutual Life Ins. Co. v. Commissioner, 10 B.T.A. 736; Eisenberg v. Commissioner, 11 B.T.A. 574; Kissel v. Commissioner, 15 B.T.A. 1270; Grand Hotel Co. v. Commissioner, 21 B.T.A. 890; Leamington Hotel Co. v. Commissioner, 26 B.T.A. 1004; First Bond & Mortgage Co. v. Commissioner, 27 B.T.A. 430; Holden v. Commissioner, 27 B.T.A. 530; Anderson v. Commissioner, 27 B.T.A. 980; Small v. Commissioner, 27 B.T.A. 1219; Texas Coca-Cola Bottling Co. v. Commissioner, 30 B.T.A. 736; California Sanitary Co. v. Commissioner, 32 B.T.A. 122.

While the language of section 23, title 26 U.S.C.A., has not remained exactly the same, there has been no such change in the statute as to indicate that this rule has not congressional approval. The reenactment by Congress without change of a statute which has previously received

long-continued administrative construction is an adoption by Congress of such construction. Minnesota Tea Company v. Commissioner (C.C.A.8) 76 F.(2d) 797, affirmed, Helvering v. Minnesota Tea Company, 296 U.S. 378, 56 S.Ct. 269, 80 L.Ed. 284; McFeely v. Commissioner, 296 U.S. 102, 56 S.Ct. 54, 80 L.Ed. 83, 101 A.L.R. 304.

We conclude that the decision of the Board of Tax Appeals was correct, and it is therefore affirmed.