## WALSH–McGUIRE CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7399.

Circuit Court of Appeals, Sixth Circuit.

June 7, 1938.

Earle W. Wallick, of Washington, D. C. (Mark A. Copeland, of Cleveland, Ohio, and Earle W. Wallick and David J. Shorb, both of ·Washington, D. C., on the brief), for petitioner.

Howard P. Locke, of Washington, D. C. (James W. Morris, Sewall Key, Norman D. Keller, and Howard P. Locke, all of Washington, D. C., on the brief), for respondent.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

984

ALLEN, Circuit Judge.

This is a petition to review an order of the Board of Tax Appeals determining a deficiency of $682.91 in income tax for the period from April 16, 1931, to December 31, 1931. Petitioner, an Ohio corporation, was organized on April 16, 1931, and immediately thereafter acquired title to certain real property in Cleveland, Ohio. The items in controversy are the real estate taxes for the first half of 1931, in the amount of $3,732.83, paid February 2, 1932, and for the last half of 1931, in the amount of $3,732.85, paid June 28, 1932, both of which items are asserted by petitioner to be deductible under Section 23, Revenue Act of 1928, c. 852, 45 Stat. 791, 799, 26 U.S.C.A. § 23.

█ We do not consider the second item. It was not referred to in the petition before the Board, and its deductibility was not decided. Petitioner cannot raise the question for the first time in this court. General Utilities & Operating Co. v. Helvering, 296 U.S. 200, 56 S.Ct. 185, 80 L.Ed. 154; Helvering v. Salvage, 297 U.S. 106, 56 S.Ct. 375, 80 L.Ed. 511.

The question as to the first item is preserved for review. Petitioner keeps its books on the accrual basis. It acquired the property in question on April 16, 1931. The taxes for 1931, under Section 5671, General Code of Ohio,[1] became a lien on the property on April 12, 1931, but the amount of the 1931 tax assessment was not determined until December 7, 1931. The Board of Tax Appeals held that as the taxes accrued before petitioner acquired the property, they were a liability of petitioner's predecessor, and payment by petitioner was not a payment of its own liability, but a capital expenditure made in order to clear the title. Petitioner urges that as the tax was not fixed and determinable on April 12, 1931, nor for long thereafter, the liability did not arise until after its acquisition of the property, and that the amount paid in taxes was deductible because the payment was made in the liquidation of its own liability. In the alternative it urges that as its books were set up on the accrual basis, it is entitled to apportion the taxes over the period in question and should be allowed a proportionate deduction from its income over the period from April 16, 1931, to July 1, 1931, in order to "fairly reflect its income" in accordance with § 41, Revenue Act of 1928, 45 Stat. 791, 805 (§ 41, Title 26, U.S. C., 26 U.S.C.A. § 41), and the regulations promulgated thereunder.

██ As to the question when the liability for the tax arose, petitioner relies upon United States v. Anderson, 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347, and other decisions which declare that an expense accrues when all events occur which fix the amount to be paid and determine the liability of the taxpayer to pay it. Cf. Bauer Bros. Co. v. Commissioner, 6 Cir., 46 F. 2d 874. But these and other decisions which lay down the rule that expenses are incurred only when there is an agreement or a legal obligation to pay them within the taxable year do not support petitioner's contention unless the liability to pay the taxes involved rested on petitioner. Whether such liability in fact existed depends upon Ohio law, for the item attempted to be deducted from federal income tax consists of a payment for taxes levied under Ohio statute upon land situated in Ohio. The date of liability for state taxes is governed by the applicable state statutes and state court decisions. In Shotwell v. Moore, 129 U.S. 590, 598, 9 S.Ct. 362, 32 L.Ed. 827, the court, considering an Ohio statute, held that a state may make the ownership of property subject to taxation relate to any day or days or period of the year it may think proper.

█ The Ohio decisions construing the statutes which govern this question hold that the amount of the assessment, when ascertained, relates back to the date of incidence, and hence in legal contemplation both the liability and the amount of the tax are determined here as of April 12, 1931. In Long v. Moler, 5 Ohio St. 271, the court, considering a similar enactment in which the date of incidence was March 1, stated that the purpose of the statute was definitely to determine who was bound to pay the taxes of the current year, and declared that the fact that the amount of such taxes was not, at the date of the declared lien, ascertained, and could not at that date be paid, could not operate to avoid a lien fixed by express enactment. Section 5671, General Code of Ohio, does not require that

[1] § 5671. "The lien of the state for taxes levied for all purposes, in each year, shall attach to all real property subject to such taxes on the day preceding the second Monday of April, annually, and continue until such taxes, with any penalties accruing thereon, are paid. * * * *"

all legal steps prerequisite to the ascertainment of the amount of the tax be taken before the second Monday in April. The legislature contemplated the computing of amounts after the date of incidence and the assessment, when ascertained, then relates back to the time at which the tax becomes a lien. State ex rel. Donahey, Aud., v. Roose, 90 Ohio St. 345, 107 N.E. 760.

Each person holding the land is required to pay the tax assessed thereon each year. Section 5681, General Code of Ohio. While the taxes are levied and assessed upon the real estate, they are also a personal obligation of the owner of such property. Cincinnati College v. Yeatman, Aud., 30 Ohio St. 276, 281, 286, 287. These taxes, then, which accrued on April 12, 1931, prior to the organization of petitioner's corporation, were the obligation of petitioner's predecessor in title. The payment was made in order to lift the incumbrance from the land, and was a capital expenditure being a part of the cost of acquiring the land. Merchants Bank Bldg. Co. v. Helvering, 8 Cir., 84 F.2d 478, 481.

A deduction may only be taken in specific conformity with statute. Brown v. Helvering, 291 U.S. 193, 54 S.Ct. 356, 78 L. Ed. 725; New Colonial Ice Co., Inc., v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348. The statute authorizes a deduction only by the taxpayer whose property or interests give rise to the deduction. Planters' Cotton Oil Co., Inc., v. Hopkins, 286 U.S. 332, 52 S.Ct. 509, 76 L.Ed. 135; Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212. Cf. Commissioner v. Bradley, 6 Cir., 56 F.2d 728. As these taxes were paid to discharge the obligation of petitioner's predecessor in title, they were not deductible. Merchants Bank Bldg. Co. v. Helvering, supra. Furthermore, since none of the payment was made in liquidation of petitioner's liability, a proportionate deduction of that part of the payment allocable to the period from April 16, 1931, to July 1, 1931, instead of fairly reflecting petitioner's income, would have resulted in a distortion thereof.

Our decision in Hord v. Commissioner, 6 Cir., 95 F.2d 179, is not contra. It is the owner of property who is liable for the tax. Cincinnati College v. Yeatman, Aud., supra. The Hord Case involved the payment of taxes on a trust estate by the beneficiary, who was at the time of the incidence of the tax the beneficial owner of

the estate. Here the vendee had no interest in the property on April 12, 1931.

The order is affirmed.