**CARONDELET BLDG. CO., Inc., v. FONTE-NOT, Acting Collector of Internal Revenue.**

**No. 9356.**

Circuit Court of Appeals, Fifth Circuit.

April 18, 1940.

Harry McEnerny, Jr., of New Orleans, La., for appellant.

Louise Foster and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and Rene A. Viosca, U. S. Atty., and Robert Weinstein, Asst. U. S. Atty., both of New Orleans, La., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

In a suit by Carondelet Building Company against the Collector of Internal Revenue to recover taxes illegally exacted, refund of which had been refused, the facts not being disputed the court denied recovery, and this appeal was taken.

The plaintiff-appellant, organized May 9, 1934, on May 10, 1934, bought the Carondelet Building in New Orleans. It established a fiscal year ending Sept. 30, and made income tax returns on the "accrual basis". Its income consisted almost entirely of rents from the Carondelet Building. Prior to its purchase the building had been assessed for 1934 taxes, the roll having been certified March 3, 1934, though not recorded in the mortgage office of the parish as a lien against the property till Nov. 27, 1934. The City taxes were $24,406. Collection of City taxes began July 23, 1934, and they would become delinquent Oct. 1, 1934. Carondelet Building Company paid them Sept. 26. The State taxes, $10,326, were payable Dec. 10, would become delinquent after thirty days, and were paid Dec. 28. Carondelet Building Company on its books treated the aggregate taxes as an expense incurred in earning the monthly rents, and prorated the taxes one-twelfth to each calendar month; and entered the proportion of taxes prior to May 10, $12,542, as an additional cost of the building. The income tax return for the period from May 10 through Sept. 30, 1934, thus showed accrued rents of $22,544 and an accrued deduction for State and City taxes of $13,517. The Commissioner disallowed the tax deduction, holding that the entire tax accrued Jan. 1, 1934. The district judge held that in Louisiana taxes on real property are a charge only on the property assessed and neither the owner nor any other property of his is liable for them, Louisiana Oil Refining Co. v. Louisiana Tax Commission, 167 La. 605, 120 So. 23; that the taxes do not in the City of New Orleans become a lien on the property assessed until the assessment rolls are filed in the Mortgage Office, Charles Wirth Co. v. Tropical Clothing Co., La.App., 160 So. 455; that the taxes did not accrue against the taxpayer till Nov. 27, the date of such filing, and that deduction could not be claimed earlier though payment was made in September. The result reached by the Commissioner was accordingly sustained but for a different reason.

The district judge correctly stated the State law as to the owner's non-liability for taxes on real estate, and the date on which they become a lien. It is true also, as the Commissioner held, that the status and value of the assessed property on Jan. 1 of the tax year fixes the taxes for the year. Gulf Public Service Co. v. Louisiana Tax Commission, 167 La. 757, 120 So. 286; Mexican Petroleum Co. v. Louisiana Tax Commission, 173 La. 604, 138 So. 117. But we do not think either date mentioned must be taken as the accrual date to which this taxpayer is tied. The tax charge, incipient Jan. 1, had become ascertained in amount March 3, but it was not chargeable against any person. Carondelet Building Company by buying the property on May 10 did not become liable for it. It became, in strictness, a liability of the Company only when it decided to assume and pay it. But as a matter of practical business, since the Company was owning the building to rent out, it expected to have to pay the taxes ulti-

mately as a fixed charge. It knew the rents which were accruing each month could not be treated as net, but ought to bear the monthly pro rata of the annual taxes to fairly reflect net income; and it ordered its accounting accordingly. If the fiscal year had agreed with the tax year this prorating would not have been important to the income tax returns. Since it does not, it is important, else rents for one period will not bear their part of the tax expense, while for another period they will be unduly burdened thereby. The Carondelet Building Company appropriately resorted to this prorating, having elected to proceed on an accrual rather than a cash basis. Revenue Act of 1934, Sec. 43, 26 U.S.C.A. Int.Rev.Acts, provides: "The deductions and credits provided for in this Chapter [title] shall be taken for the taxable year in which 'paid or accrued' or 'paid or incurred', dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period." Regulation 77, Art. 321, is in part: "The time as of which any item of gross income or any deduction is to be accounted for must be determined in the light of the fundamental rule that the computation shall be made in such manner as clearly reflects the taxpayer's income. If the method of accounting regularly employed by him in keeping his books clearly reflects his income, it is to be followed with respect to the time as of which gross income and deductions are to be accounted for." In S. E. & M. E. Bernheimer Co. v. Com'r, 41 B. T.A. 249, the Board of Tax Appeals upheld the taxpayer on an accrual basis in deducting part of a year's taxes before they were technically due, saying: "This action we believe to have been proper and to have been in accord with the principles of accrual accountancy. * * * On this point we reverse the Commissioner." Resort to amortizations and the creation of reserves is frequent, in order properly to distribute a loss or expense over several income tax periods. This was done in Helvering v. Union Pacific Railroad Co., 293 U.S. 282, 55 S.Ct. 165, 79 L.Ed. 363; and Great Western Power Co. v. Commissioner, 297 U.S. 543, 56 S.Ct. 576, 80 L.Ed. 853. In the effort on an accrual basis to allocate in time an expense attached to the earning of income, the time the expense item was paid or payable is not of much importance. In United States v. Anderson, 269 U.S. 422,

46 S.Ct. 131, 70 L.Ed. 347, income was earned in making munitions, and it was held the munitions tax thereby incurred ought to be deducted from the income of that year though not payable or paid till the next year. In the present case the Commissioner did not disapprove of the taxpayer's method of accounting because not fairly reflecting income for the period, but solely because he concluded that as a matter of law "real and personal property taxes in Louisiana accrue for federal income tax purposes on Jan. 1 each year." We think there is no such rule of law. As has been seen, no liability at all for the taxes rested on Carondelet Building Company. It assumed and paid the City taxes during the fiscal year, and if that alone be looked to, it would be entitled to a greater deduction than it claims. Looking rather to a just accounting that will truly reflect net income, we think the prorated deduction as claimed ought to have been maintained.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.