COMMISSIONER OF INTERNAL REVE-
NUE v. RUST'S ESTATE et al.

No. 4700.

Circuit Court of Appeals, Fourth Circuit.

Dec. 18, 1940.

Carolyn E. Agger, Sp. Asst. to Atty. Gen.,
Samuel O. Clark, Jr., Asst. Atty. Gen., and

J. Louis Monarch, Sp. Asst. to Atty. Gen., for petitioner.

Lawrence A. Baker, of Washington, D. C. (Baker, Selby & Ravenel, of Washington, D. C., on the brief), for respondents.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

The Commissioner of Internal Revenue petitions for a review of a decision of the United States Board of Tax Appeals wherein it was held that the taxpayer, now deceased, was entitled to a deduction from gross income on account of the payment on March 31, 1936, of a semi-annual instalment of taxes for the fiscal year ending June 30, 1936, on real estate in Washington, D. C. The taxes had been assessed in 1935, prior to the taxpayer's acquisition of the property, but were not payable until March, 1936, after the purchase had been consummated. Income taxes for the calendar year 1936 are involved; and the question is whether the real estate taxes paid as aforesaid may be regarded as a burden imposed upon the taxpayer by reason of his ownership of the property when the taxes fell due and were therefore his taxes rather than the taxes of the previous owner.

Taxes were assessed against the property on or before July 1, 1935, under the statutes of the District of Columbia, for the fiscal year then beginning. On July 19, 1935, the tax rate was fixed by the Commissioners of the District and the amount of the tax was determined to be $14,883.34, which was payable in two equal instalments of $7,441.67 in September, 1935, and March, 1936, respectively.

On July 1, 1935, and for a number of years prior thereto, the property, which is located at 2101 Connecticut Avenue, N. W., stood on the tax rolls in the name of the prior owner. On September 17, 1935, it was purchased by the taxpayer at a mortgage foreclosure sale for $275,000, subject to a mortgage of $725,000. Under the terms of the contract of sale the taxes for the current fiscal year, none of which had been paid, were adjusted to the date of sale; and the taxpayer was credited with $3,142.10, representing the portion of the taxes allocable to the period between July 1 and September 17, 1935. The taxpayer paid the first instalment of taxes on September 28, 1935, and the second instalment on March 31, 1936; but only the second instalment is involved in this controversy.

The taxes thus paid were not capitalized on the accounts of the taxpayer as part of the cost of the property. He kept his books on a cash receipts and disbursements basis, and claimed a deduction for the second instalment in his tax return for the year 1936; but it was disallowed by the Commissioner. On review the Board held that the amount in dispute was properly deductible as "taxes paid" by the taxpayer in the taxable year for the period during which he was the owner.

The relevant federal statute is § 23(c) of the Revenue Act of.1936, 49 Stat. 1659, 26 U.S.C.A. Int.Rev.Code, § 23(c), which allows a deduction from gross income of "taxes paid or accrued within the taxable year", with certain exceptions not here material. Treasury Regulations 94, promulgated under the Revenue Act of 1936, Article 34(c)-1 provide that in general taxes are deductible only by the person upon whom they are imposed.

The tax laws of the District of Columbia are also relevant, since they determine such questions as the incidents of the assessment and of the tax lien upon the property and the personal liability, if any, of the owner for the taxes. Walsh-McGuire Co. v. Commissioner, 6 Cir., 97 F.2d 983; Commissioner v. Plestcheeff, 9 Cir., 100 F.2d 62; Shotwell v. Moore, 129 U.S. 590, 598, 9 S.Ct. 362, 32 L.Ed. 827; Paul Selected Studies in Federal Taxation, Second Series, pp. 23–24. These statutes are found in Title 20 of the Code of the District of Columbia, 1929. The fiscal year for the District commences on the first day of July of each year, § 621. A levy is made for each and every fiscal year of a tax upon real and personal property subject to taxation in the District at a rate fixed annually by the Commissioners, § 681. The assessment is made in the name of the owner with exceptions not here material, § 696. The assessment and valuation of real property are made annually, § 697, the valuation as nearly as practicable on the first Monday of June, and the assessment on or prior to July 1, §§ 700–705. Real estate and personal property taxes are payable in semi-annual instalments in the months of September and March, with penalties for delinquency; except as to taxes on family dwellings which may be paid quarterly, § 758. Provisions are made for the sale of real estate for delinquent taxes, §§ 791–801. The assessor is directed to prepare a list of all taxes on real property which are

**638**

levied and in arrears on the first day of July of each year, and the Commissioners of the District are directed to sell the same if the taxes, together with penalties and costs, shall not be paid prior to the day fixed for sale. If no bid is received sufficient to pay the amount due with penalties and costs, the Collector is directed to bid such amount and purchase the property from the District. Provision is also made for the issuance to the purchaser of a certificate of sale and finally a deed if within two years from the date of sale the property is not redeemed by the owner. It is then provided in § 793 "that failure on the part of the District, from any cause whatsoever, to enforce the liens acquired aforesaid shall not release the property from any tax whatsoever that may be due the District". § 800 also refers to real estate sold for nonpayment of taxes and bought in by the District, and authorizes the Commissioners, after the lapse of two years, to apply to the Supreme Court of the District "for the purpose of enforcing such tax lien by the said District of Columbia on the aforesaid property".

■ It was under these statutes that the taxes on the property purchased by the taxpayer were assessed in the name of the former owner on July 1, 1935, for the ensuing fiscal year. No personal liability on the part of the former owner, however, arose from this action, since under the decisions in the District of Columbia the assessment of real estate taxes does not create a personal liability, but only a charge upon the land. Tumulty v. District of Columbia, 69 App.D.C. 390, 102 F.2d 254. Nor did any tax lien attach to the land by reason of the assessment. A lien for taxes on real estate is a creature of statute, and attaches only when the legislature prescribes. Ervin v. State, 5 Cir., 80 F.2d 432; Commissioner v. Plestcheeff, 9 Cir., 100 F.2d 62. Since no reference is made in the statute to a lien for taxes except in connection with taxes in arrears, it is a reasonable interpretation that the lien does not arise prior to the occurrence of a delinquency. This is none the less true even though the taxes in question may have been in some sense a charge upon the land under the statutes of the District of Columbia. Quite frequently, as the decisions cited in this opinion show, the state tax law provides that the tax lien shall attach after the assessment is levied.

■ It is of course necessary for the taxpayer in the pending case to show that he comes within the terms of the income tax statute allowing the deduction, for "the statutes pertaining to the determination of taxable income * * * have disclosed a general purpose to confine allowable losses to the taxpayer sustaining them, i. e., to treat them as personal to him and not transferable to or usable by another". New Colonial Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348; Colston v. Burnet, 61 App.D.C. 192, 59 F.2d 867. The question is whether the taxpayer has met this requirement.

■ The taxes under consideration were not the personal obligation of either the buyer or the seller of the property; but they, nevertheless, fell within the terms of the statute as a deductible item in the computation of taxable income. Whether or not the deduction could lawfully be taken by the seller, or by the buyer, or partly by one and partly by the other, are questions which should be answered by ascertaining upon whom rests the obligation under the state law to pay the taxes, having in mind the practicalities of the situation. Taxes upon real estate constitute an ever recurring burden; and when, as in this case, the property is held as an investment, they are perforce treated as a current expense to be offset against current income. The provision of the agreement of sale that the taxes should be adjusted to the date of sale was therefore natural and proper, since it allotted to each party a part of the burden proportionate to the period during which he possessed the property and enjoyed the income. Such an arrangement between buyer and seller is typical, and it would be in accord with the facts even if prior to the sale the tax has not only been assessed but has given rise to a lien. The apportionment of the tax was clearly correct in the transaction under discussion, since no part of the second instalment of the tax could be fairly allotted to the seller and no part of it was collectible by the District during his period of ownership. The burden of paying this instalment was an obligation which passed to the taxpayer with the ownership, in much the same fashion that the benefit of certain covenants is held to run with the land in the law of property; and the burden of the tax rested upon the taxpayer in a very real sense, for a delinquency would have been followed by a forced sale by the tax authorities.

The opposing theory advanced by the Commissioner is that in the case of a sale

of property, a tax already assessed for the current year cannot be treated by the buyer as an item of current disbursement to be balanced against current income, but becomes a capital item which is added to the purchase price if previously paid by the seller, or subtracted from the purchase price if unpaid at the time of the sale; and, therefore, the tax is not a burden upon the buyer even if he subsequently pays it, because he has already been compensated by the seller. But this theory is not in accord with the actualities of the ordinary case. The whole tax is not added to or subtracted from the purchase price in a sale during the local tax year, but each party is considered as owing a part of the tax proportionate to his period of ownership. In stating the final account of sale, a sum representing the apportionment may for convenience appear as a debit or credit upon the purchase price, but it is not a part thereof and is not so considered. Furthermore, the Commissioner's theory does violence to the purpose of the income tax statutes that items of income shall be accounted for in annual periods. Clearly this purpose will not be served if the constantly recurring burden of the tax is refused recognition as an item of current expense and is placed in the category of a capital expense to be reckoned with under the income tax statutes only in the event of sale at some future date.

The Commissioner's theory certainly does not fit the facts of the pending case. The second instalment of the tax did not become due until March, 1936, six months after the sale. It was obvious at the time of sale that the buyer would meanwhile have the enjoyment of the property, and the impending tax burden could not in fact have influenced or entered into the price paid for the property. It would be as plausible to say that the tax for the fiscal year beginning July 1, 1936, or any succeeding year, represented a capital rather than a current expense on the part of the buyer. The Board was correct in deciding that the taxpayer in paying the instalment of the tax in question was bearing a burden imposed upon him by reason of his ownership of the property.

The cases in the Board of Tax Appeals turn upon the view that when the tax has been assessed, and is fixed as a lien upon the property, it becomes the personal liability of the owner who is then permitted to accrue it as a liability. Sometimes the local statutes expressly provide that the tax when assessed shall become a personal liability of the owner of the property. In either case, in the view of the Board, the tax is not a burden imposed upon a subsequent purchaser, and if he pays it, it is, so far as he is concerned, a part of the purchase price. He cannot claim a deduction because he is not paying his taxes but the taxes of another. California Sanitary Co., Ltd., v. Commissioner, 32 B.T.A. 122; First Bond and Mortgage Co. v. Commissioner, 27 B.T.A. 430; Leamington Hotel Co. v. Commissioner, 26 B.T.A. 1004; Grand Hotel Co. v. Commissioner, 21 B.T.A. 890; John Hancock Mutual Life Ins. Co. v. Commissioner, 10 B.T.A. 736. The courts have adopted this view in cases where the local statutes impose a lien upon the property which arises before the property is sold, and this is the holding even though the statutes do not impose a personal obligation upon the owner. See, Helvering v. Missouri State Life Ins. Co., 8 Cir., 78 F.2d 778; Merchants Bank Bldg. Co. v. Helvering, 8 Cir., 84 F.2d 478; Lifson v. Commissioner, 8 Cir., 98 F.2d 508; Walsh-McGuire Co. v. Commissioner, 6 Cir., 97 F.2d 983.

There may seem to be little distinction between the imposition of a statutory lien and the levy of an assessment which is certain to eventuate in a charge against the property. But it is obvious that there must be some point of time when the specific lien, as distinguished from the ever imminent shadow of the tax burden, attaches to the property, and the courts have not been willing to extend the rule to embrace cases where the assessment has been levied, but the lien has not been created before the day of sale. Thus, in Commissioner v. Plestcheeff, 9 Cir., 100 F.2d 62, the right to the deduction was held to be dependent upon the date when the lien for taxes attached.

In Commissioner v. Coward, 3 Cir., 110 F.2d 725, 726, where there was no lien prior to the sale and no personal liability on the part of the prior owner, it was suggested that the Commissioner's argument was "founded on precedent rather than principle". The court said (page 727, of 110 F.2d):

"We must determine whether a given payment is a forced contribution to the expense of government, or whether it is something else—a voluntary capital expenditure, for example. Its solution must lie in a close analysis of the transaction of pay-

ment. It cannot, in our judgment, be solved by any rule of thumb that a property owner's payment is not one of a tax on his property because a prior owner (on the accrual basis) might have been permitted to accrue it. For that permission to accrue may depend on technical exigencies of accounting utterly foreign to the later owner's economic position in actually making the payment. * * *

"Where, on the other hand, the tax payment falls into neither of these two categories—where it neither discharges (by contract, express or implied) the personal liability of another, nor what was originally a tax lien on another's property—the deduction has been permitted, Commissioner v. Plestcheeff, 9 Cir., 100 F.2d 62."

This decision was somewhat simplified by a local statute, N.J.S.A. 54:4–56, which provided that in the absence of an express agreement to the contrary, the buyer of real estate may hold the seller liable for such proportion of the current year's taxes as the time between January 1 and the date of the deed bears to the full calendar year. It was the view of the court that although the property had been assessed prior to the sale, this did not mean, under the New Jersey statutes, that the tax resulting from that assessment was to be borne by the seller. The court said (page 728 of 110 F.2d): "It is always borne by the land in the first instance. But as between buyer and seller it is apportioned on the basis of the calendar year. In other words, it is considered fair that the owner of land in any given year shall be called upon to contribute to the year's revenues only a sum commensurate with the length of time the land has been held in that year—except, of course, in the rare case of the prior owner's insolvency. Such a contribution is, in our judgment, a tax in every sense of the word."

In Carondelet Bldg. Co. v. Fontenot, 5 Cir., 111 F.2d 267, the assessment on the property occurred prior and the tax lien attached subsequent to the taxpayer's purchase. The taxpayer was on an accrual basis and sought a deduction for the taxes accruing between the date of the purchase and the end of its fiscal year, which did not coincide with the tax year of the state. The Commissioner disallowed the deduction on the theory that the whole tax accrued when the assessment was made prior to the transfer The local statutes imposed no personal liability upon the taxpayer. The court held for the taxpayer, saying that as a matter of practical business, the taxpayer was entitled to pro rate the taxes since it owned the building to rent out, and expected to pay the taxes as a fixed charge. Emphasis was placed upon the provisions of the income tax statutes, and of the regulations which require that deductions shall be taken in accordance with the method of accounting under which the net income is computed, and that the computation shall be made in such manner as clearly reflects the income. It was held that there was no rule of law which required the taxes to be accrued for income tax purposes when the assessment was made. This decision not only rejected the contention that the owner at the time of the assessment was alone entitled to take the deduction, but also recognized the right of the taxpayer to apportion the taxes between two consecutive fiscal years.

These later decisions, as well as the decision of the Board in the pending case, view realistically the situation which ordinarily confronts the parties to a sale of real estate when they approach the disposition of the tax burden for the year of sale. Whether this attitude should not also be taken in the event of a sale after personal liability on the part of the seller or a statutory lien for the tax has arisen, we have no occasion to decide. The question here is whether, in the absence of personal liability and of a lien, the parties may agree to apportion a tax, not yet payable, to their respective periods of ownership. We think that they may; because such an agreement merely assigns to each party the obligation to bear his own burden of taxation.

The decision of the Board is affirmed.

PARKER, Circuit Judge (dissenting).

I regret that I must dissent from the opinion of the Court. Much is to be said for the desirability of apportioning the deduction for taxes paid for a given year in accordance with the period of ownership. I think, however, that the principle is well settled that only he who owns property when the lien for taxes attaches is entitled to the deduction, and that in this case the lien for the taxes had attached prior to the acquisition of title by the taxpayer. I think, also, that any attempt to distinguish between a lien for taxes and a charge attaching to property for taxes assessed, is merely to draw a distinction without any

real difference and to introduce confusion into a subject where it is important that no confusion exist.

There can be no question here but that at the time of the acquisition of the property by the taxpayer it was subject to a lien for the taxes for the year ending June 30, 1936. Taxes for the year had been assessed and constituted a charge upon the property for which it might have been sold and which could not have been avoided, by transfer or otherwise. " * * * the property itself stands charged with the tax and may be levied upon. An unencumbered deed cannot be given, nor obtained, until the tax is paid". Tumulty v. District of Columbia, 69 App.D.C. 390, 102 F.2d 254, 259. This is a lien, whether specifically called such in the statute or not; for there is a lien where there is a claim which is a charge on property and which can be satisfied by resorting to the property and, if necessary, having it sold. 37 C.J. 311; and see Bouvier's Law Dictionary, Rawle's Third Revision, "Lien" and "Tax Lien". The statute here authorizes the sale of real estate for taxes assessed against it; and "the effect of a statute authorizing the sale of the land for taxes is undoubtedly to make, in effect, the taxes a lien on the land, since any purchaser or encumbrancer acquires his interest subject to the possibility of such sale unless the taxes are paid." Tiffany, Real Property, 2d ed., vol. 3, p. 2791; Dunlap v. County of Gallatin, 15 Ill. 7; Hoglen v. Cohan, 30 Ohio St. 436; Lyon v. Alley, 130 U.S. 177, 188, 9 S.Ct. 480, 32 L.Ed. 899. Certainly, such charge gives the state the same sort of interest in the property that is given by the lien for taxes specifically described as such, and furnishes the same basis for the application of the theory that the state is part owner to the extent of the lien or charge. Cf. Com'r v. Coward, 3 Cir., 110 F.2d 725, 727.

I have considered whether ownership upon the date when the tax becomes due, rather than the date when the lien attaches, should not be determinative of the right to the deduction; but the rule is well settled by the decisions that the date of the attachment of the lien is determinative. Com'r v. Plestcheeff, 9 Cir., 100 F.2d 62; Lifson v. Com'r, 8 Cir., 98 F.2d 508; Walsh-McGuire Co. v. Com'r, 6 Cir., 97 F.2d 983; Merchants Nat. Bank v. Helvering, 8 Cir., 84 F.2d 478, 481; Helvering v. Missouri State Life Ins. Co., 8 Cir., 78 F.2d 778, 781; Falk Corp. v. Commis-

sioner, 7 Cir., 60 F.2d 204; Banfield v. Com'r, 42 B.T.A. ——. The rule is thus tersely stated by Judge Sanborn in Lifson v. Com'r, supra [98 F.2d 510]: "When one purchases land which is subject to a lien for taxes, the subsequent payment of those taxes by the purchaser does not constitute an allowable deduction from gross income, for the reason that the taxes accrued while the land was in other ownership and the payment of them is merely a payment of a part of the cost of acquiring the property."

And the rule of the decisions seems to me to be logically inescapable; for, after the lien attaches, the owner can convey an unencumbered title only by paying the tax. The burden of the tax falls upon the property, therefore, when the lien attaches, not when the tax falls due or is paid; only the person owning the property at that time is subjected to the burden which the law imposes; and only the person who has been thus subjected to the burden of the tax is entitled to a deduction for paying it. Payment by a subsequent purchaser is not the discharge of a burden which the law has placed upon him, but is actually as well as theoretically a payment of purchase price; for, after the lien attaches and the taxing authority becomes pro tanto an owner of an interest in the property, payment of the tax by a purchaser is nothing but a part of the payment for unencumbered title. Such a purchaser cannot be distinguished either in fact or theory from any other purchaser of property subject to an existing encumbrance which he must pay to protect his title. If the sale is made, not subject to encumbrances, but with a warranty against encumbrances the purchaser would be entitled to recover from the seller any tax which had become a charge upon the land at the time of the conveyance. Manifestly he is not entitled to deduct a tax which he is thus entitled to recover of the seller; and it is equally clear that his right to a deduction for a tax paid cannot depend upon a contract which he has made or failed to make with the seller.

The decision in Commissioner v. Coward, 3 Cir., 110 F.2d 725, proceeds on the assumption that the lien for taxes had not attached, an assumption which, for reasons heretofore stated, I do not think permissible here. It should be noted also that in that case a statute of New Jersey apportioned liability for the taxes between vendor and purchaser. Carondelet Building Co. v.

Fontenet, 5 Cir., 111 F.2d 267, is not in point, for the lien there did not attach until after the acquisition by the purchaser. The right of accrual there discussed was the right of the purchaser, unquestionably entitled to a deduction, to accrue the tax in months of a tax year which expired before the lien attached. No question of the purchaser's being entitled to the deduction, as distinguished from the seller's being so entitled, was involved; and the case is in no sense authority for the proposition that a purchaser who acquires the property after the lien has attached is entitled to a deduction.

It is true of course, that the purchaser of the property enjoys the rents and profits for the portion of the tax year that has not elapsed, and that tax liability should offset these; but, if the rule remains settled as the decisions have heretofore fixed it, this will be taken care of in adjustment of the price. Nothing, I think, but confusion will result from departure from the well settled rule that only he who owns the property when the tax accrues is entitled to the deduction, and that the tax is deemed to accrue when it becomes a charge or lien upon the property.