ALDEN ANDERSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45598. Promulgated March 20, 1933.

*H. H. Tooley, Esq.,* for the petitioner.
*W. F. Wattles, Esq.,* for the respondent.

### OPINION.

SMITH: The respondent has determined a deficiency in petitioner's income tax for the calendar year 1923 in the amount of $2,317.06. In his petition, the petitioner alleges that the respondent erred in disallowing a deduction for taxes paid in that year in the amount of $34,057.25. The respondent has denied the deduction on the grounds that the amount in dispute was a part of the purchase price of the property which was acquired by the petitioner at the time the taxes were paid. The facts are stipulated as follows:

1. On or about November 26, 1923, the petitioner purchased a one-half interest in certain real estate situate within the Compton-Delevan Irrigation District in Colusa County, California.

2. At the time of and in connection with the purchase the petitioner paid his proportionate share of certain county taxes levied by the said Colusa County and certain taxes levied by the said Compton-Delevan Irrigation District which had become delinquent and were a lien upon the property. The petitioner

similarly paid the current 1923–24 county taxes and irrigation district taxes already assessed and a lien upon the property. Following is a statement of the taxes so paid during the year 1923:

*Colusa County Taxes*

|  | Total | Petitioner's Share (½) |
|---|---|---|
| Total Delinquent Taxes paid November, 1923 | $5, 964. 44 | $2, 982. 22 |
| First Half 1923–24 Taxes paid | 3, 151. 06 | 1, 575. 53 |
| Total | $9, 115. 50 | $4, 557. 75 |

*Compton-Delevan Irrigation District Taxes*

|  | Total | Petitioner's Share (½) |
|---|---|---|
| Interest on Irrigation District Bonds—Delinquent | $19, 965. 75 | $9, 982. 87 |
| Interest on Irrigation District Bonds—Current 1923–24 | 14, 792. 47 | 7, 396. 24 |
| For Interest & Penalties on Delinquent Taxes | 13, 947. 39 | 6, 973. 69 |
| For General Expenses—Delinquent | 2, 104. 70 | 1, 052. 35 |
| For General Expenses—Current 1923–24 | 8, 208. 70 | 4, 104. 35 |
| Total |  | $29, 509. 50 |

3. In his Federal Income Tax [return] for the calendar year 1923 the petitioner sought to take a deduction in the amount of $34,066.75 on account of the taxes paid as hereinbefore stipulated.

4. In determining the deficiency proposed in the deficiency letter herein the respondent has disallowed the proposed deduction.

The following provisions of the Revenue Act of 1921 and the statutory laws of the State of California are applicable:

Revenue Act of 1921:

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(3) Taxes paid or accrued within the taxable year except \* \* \* (c) taxes assessed against local benefits of a kind tending to increase the value of the property assessed, \* \* \*

\* \* \* \* \* \* \*

SEC. 215. (a) That in computing net income no deduction shall in any case be allowed in respect of—

\* \* \* \* \* \* \*

(2) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate.

General Laws of California, Deering, 1923, Part One, Act 3854, being the California Irrigation District Act:

§ 35. *Duty of assessor.* The assessor must, between the first Monday in March and the first Monday in June, in each year, assess all real estate in the district, to the persons who own, claim or have possession or control thereof, at its full cash value, \* \* \*

\* \* \* \* \* \* \*

§ 40. *Assessment lien, when.* The assessment upon land is a lien against the property assessed from and after the first Monday in March for any year. * * *

\* \* \* \* \* \* \*

§ 41. *Notice that assessments are due. When delinquent.* On or before the first day of November, the secretary must deliver the assessment-book to the collector of the district, who shall within twenty days publish a notice in a newspaper published in each county in which any portion of the district may lie, that said assessments are due and payable and will become delinquent at 6 o'clock P. M. on the last Monday of December next thereafter, * * *

We held in *Andrew Little*, 21 B. T. A. 911, that the interest assessed and paid as a tax under the irrigation district statutes of the State of Idaho, which are not materially different from those of the State of California, was a tax and not a payment of interest within the meaning of section 214 (a) (2) of the Revenue Act of 1921, and, not being a tax of a kind tending to increase the value of the property assessed, was deductible under section 214 (a) (3) of the act. For the purpose of the question in issue in this proceeding all of the above amounts, representing the taxes paid to Colusa County and the interest on the irrigation district bonds, are to be treated as taxes.

It is stipulated that the disputed amounts were paid by the petitioner " at the time of and in connection with the purchase " of his one-half interest in the real estate situated within the irrigation district. The purchase took place on November 26, 1923. A portion of both the taxes and interest paid was then past due and delinquent and a portion was for the current years 1923 and 1924, not then delinquent but assessed and constituting a lien on the property by statute.

In *Grand Hotel Co.*, 21 B. T. A. 890, we held that certain payments of taxes to the State of Washington, under circumstances almost identical with those in the instant proceeding, were not deductible as taxes paid, but constituted a part of the purchase price of the property which the taxpayer previously acquired in that year. The facts here are even less favorable to the petitioner because, there, the taxes were paid some time after purchase of the property and not " at the time of and in connection with the purchase," as in the instant case. In that opinion we said:

Of course it is needless to say that the taxes within the intendment of the statute are the taxpayer's own taxes. For the entire period of 1921 the hotel real estate was owned by J. E. Ransome and the taxes for that year were assessed against the property while it stood in his name and became a lien on the property on March 1, 1921. It is true that when petitioner bought the property in 1922 the 1921 taxes were not yet delinquent, but nevertheless the lien had attached and when the petitioner paid the taxes which for a prior year accrued at a time when it was not the owner of the property, its action in paying the taxes can only be regarded as the payment of a part of the

purchase price. Surely petitioner would not pay taxes which had accrued against property in a prior year when it was not the owner, without having due allowance made for this payment in the agreed purchase price.

At the time the petitioner purchased the property there was a lien against it held by the New York Life Insurance Co. and as a part of the purchase price petitioner paid off the mortgage and all the accrued interest and full allowance was made for this payment in the adjustment of the purchase price. This lien by the New York Life Insurance Co. was no more valid and outstanding against the property than was the lien which the State of Washington had for 1921 taxes. Both stand on the same footing.

In *People of the State of New York* v. *Maclay*, 287 U. S. 590, the Supreme Court said:

\* \* \* By the statutes of New York, " every such tax or fee [including the annual franchise tax to be paid by corporations] shall be a lien and binding upon the real and personal property of the corporation \* \* \* liable to pay the same until the same is paid in full." N. Y. Tax Laws, Consolidated Laws, c. 60, sec. 197. The lien thus created is effective for many purposes though its amount is undetermined. It is notice to mortgagees or purchasers, who are held to loan or purchase at their own risk if they take their mortgages or deeds before the tax has been assessed or paid. *Carey* v. *Keith, Inc.*, 250 N. Y. 216; *Engelhardt* v. *Alvino Realty Co., Inc.*, 248 N. Y. 374. In that respect it is similar to the lien of a transfer tax or duty upon the estate of a decedent. *Midurban Realty Co.* v. *F. Dee & Realty Corporation*, 247 N. Y. 307; *Stock* v. *Mann*, 255 N. Y. 100, 104. \* \* \*

The stipulated facts in this proceeding do not afford any grounds for a reversal of the respondent's determination that the total amount paid by the petitioner on account of both the delinquent and current taxes and interest on the irrigation district bonds was a part of the purchase price of the property acquired by him at that time, and is therefore not deductible from gross income in the year when paid.

*Judgment will be entered for the respondent.*