EUGENE W. SMALL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 49551. Promulgated April 26, 1933.

*George J. Mintzer, Esq.*, and *Eugene W. Small, Esq.*, for the petitioner.

*Frederick K. Slanker, Esq.*, for the respondent.

OPINION.

McMAHON: The question here presented is whether petitioner, a married man who filed a separate return of income in 1927, is entitled to deduct an amount of $1,120.80 which he paid in that year out of his own moneys as taxes upon property which he had in a previous year transferred to his wife, with the verbal understanding that it would be continued as the family residence and that he would, while living, continue to pay all the expenses thereof, and which was owned by her during the year in question.

Section 214 (a) of the Revenue Act of 1926 provides that there shall be allowed as deductions, " Taxes paid * * * within the taxable year * * *."

In *William Ainslie Colston*, 21 B. T. A. 396, we stated:

* * * He also paid $776.85 representing taxes on the home of petitioner and his wife which he had given her at the time of their marriage, title to which stood in her name and which she in fact owned. There is no doubt that if a joint return had been filed the payment of these taxes would have been a deduction on such joint return. But, as separate returns were filed and the taxes were upon property of the wife, they are deductible only when and if paid by her and not by him. *Porter* v. *United States*, 27 Fed. (2d) 882; *Charles F. Dean*, 1 B. T. A. 27; *Bank of Commerce*, 3 B. T. A. 950; *A. Eisenberg*, 11 B. T. A. 574; *Fidelity Trust Co.*, 13 B. T. A. 109.

The above case was affirmed by the Court of Appeals of the District of Columbia in *Colston* v. *Burnet*, 59 Fed. (2d) 1080.

It is true that in the instant proceeding the petitioner, by a personal bond and a mortgage which he executed, and which was in default, had obligated himself to the mortgagee to pay the taxes upon the property, and that he also stated to his wife at the time he transferred the property to her that he would continue to maintain the property as a family residence and pay all the expenses. These circumstances were not present in *William Ainslie Colston, supra*, but the difference is immaterial. Whatever obligations devolved upon the petitioner in the instant proceeding were contract liabilities with third persons.

In order to be entitled to a deduction for taxes paid, a petitioner before us must show not only that he paid the taxes, but that the taxes were *imposed upon him* by the taxing authority. *A. Eisenberg*, 11 B. T. A. 574; *Samuel Riker, Jr.*, 15 B. T. A. 1160; *Caroline T. Kissel*, 15 B. T. A. 1270; *George L. Shearer*, 18 B. T. A. 465; affd., in *Shearer* v. *Commissioner*, 48 Fed. (2d) 552; *Falk Corp.*, 23 B. T. A. 883; affd., 60 Fed. (2d) 204; and *Borg & Beck Co.*, 24 B. T. A. 995. The petitioner has not shown that the taxes in question were *imposed upon him*.

We find nothing in the law of New York, particularly sections 9 and 55 (a), chapter 62, of the New York Laws of 1909 and subdivision (6) of section 254 of chapter 52 of the New York Laws of 1909, cited by the petitioner, to indicate that the realty taxes in question were *imposed upon the petitioner.* It does appear, however, from section 71 of chapter 62 of the New York Laws of 1909, cited by the respondent, that petitioner's wife, being the owner of the property, is personally liable for such taxes if her name was correctly entered on the assessment roll. We do not know that the petitioner's wife was not personally liable for the taxes in question, since the petitioner, upon whom is placed the burden of proof, has not shown that his wife's name was not correctly entered on the assessment roll. Cf. *F. C. Nicodemus, Jr.,* 26 B.T.A. 125. The sections of the New York Laws referred to above are set forth in the margin.[1]

Petitioner contends that there was virtually a trust estate reserved to the petitioner and his family by the verbal reservation respecting the continuance of the property as a family home and that it was the duty and interest of the petitioner to maintain this estate and pay the taxes necessary to maintain it. However, petitioner cited us no authority in support of this contention, and we see no merit in it. In view of this contention of the petitioner, the following portion of the court's opinion in *Colston* v. *Burnet, supra,* is pertinent:

* * * Petitioner, on the other hand, insists that he is entitled to a deduction from his income by reason of his duty as husband to support his family and also because under the Ohio law he has certain rights of dower (in most States called curtesy) in his wife's real estate. Added to this, if

---

[1] §9. *Place of taxation of real property.* Real property shall be assessed as of July first in the tax district in which it is situated. In all cases the assessment shall be deemed as against the real property itself, and the property itself shall be holden and liable to sale for any tax levied upon it.

§55–a. *Errors in assessment-rolls.* An error in the description of a parcel or portion of real property shall not invalidate the assessment against such parcel or portion, if such description is sufficiently accurate to identify the parcel or portion. The entry of the name of the owner, last known owner or reputed owner of a separate parcel or portion of real property shall not be regarded as part of such assessment, but merely as an aid to identify such parcel upon the roll.

§71. *Collection of taxes; sale of personal property.* * * * If the owner of a parcel or portion of real property is a resident of the tax district in which such parcel or portion of real property is assessed, and his name is correctly entered on the assessment-roll, he shall be personally liable for the tax assessed againt such parcel or portion of real property. * * *

§254. *Construction of clauses and covenants in mortgages and bonds.* * * *

6. *Mortgagor to pay all taxes, assessments or water rates.* A covenant "that the mortgagor will pay all taxes, assessment or water rates and in default thereof, the mortgagee may pay the same" must be construed as meaning that until the amount hereby secured is paid, the mortgagor will pay all taxes, assessments and water rates which may be assessed or become liens on said premises, and in default thereof the holder of this mortgage may pay the same, and the mortgagor will repay the same with interest, and the same shall be liens on said premises and secured by the mortgage.

 

we correctly understand petitioner's contention before the Board, as shown in his evidence, he claims to hold an equitable title to the property growing out of the initial payment by him of $8,000, and out of this he deduces an obligation on him to pay the taxes and the interest.

We are unable to find any substance in any of these contentions, or to perceive either a legal or equitable title to the property. * * * Taken together, we are unable to reach any other decision than that he intended a gift to his wife of the full and absolute title to the property, though doubtless with the purpose, as between them, of discharging the encumbrance so that the dwelling house should eventually be hers discharged of debt, and, if that be true, it is not necessary to cite authority to the effect that the voluntary payment by him of her taxes or of interest primarily due by her should not entitle him to a deduction therefor under the revenue laws.

We hold that the respondent did not err in disallowing the claimed deduction.

*Decision will be entered for the respondent.*