*Decision will be entered under Rule 50.*

NORMAN COOLEDGE,[1] PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92289. Promulgated December 29, 1939.

[1] For prior opinion see p. 110.

*Edward R. Kane, Esq.*, and *Hilary H. Gardner, C. P. A.*, for the petitioner.

*Stanley B. Anderson, Esq.*, and *Elizabeth B. Fegan, Esq.*, for the respondent.

OPINION.

DISNEY: This proceeding involves income tax for the year 1934. Petitioner filed income tax return with the collector of internal revenue for the district of Georgia. Deficiency was determined in the amount of $721.06, and respondent by amended answer asks increase thereof to the amount of $934.89. Two questions are presented: (a) As to disallowance of deduction claimed for accrued taxes and interest, and (b) as to application of sections 115 (c) and 117 (a), Revenue Act of 1934, in computation of net income received upon liquidation of shares of stock. The facts were stipulated (and the stipulation adopted as our findings of fact) and will be referred to only in so far as necessary to determination of the issues presented.

I.—Petitioner filed income tax return for 1934 on the cash receipts basis with the collector of internal revenue for the district of Georgia. On July 21, 1934, he sold to the Sterling Discount Corporation certain real estate in Atlanta, Georgia, and as a part of the purchase price the vendee agreed to pay all taxes and mortgage interest then or thereafter due upon the property, and during 1934 in pursuance of said agreement did pay $4,017.68 ad valorem taxes and tax items, and $2,798.24 in discharge of interest on a mortgage upon the property, all of which had accrued against the property and against petitioner prior to date of sale. Petitioner alleged error by respondent in disallowance of deduction of such amounts, and disallowance of deduction of loss which was taken by petitioner upon sale of the property, the disallowance of the loss being by reason of section 24 (a) (6), Revenue Act of 1934, the petitioner having owned more than 50 percent of the stock of the vendee corporation. The vendee has not been allowed deduction of the above amounts.

Petitioner contends, in effect, that he, on a cash basis, paid the taxes and interest by virtue of the fact that the vendee, under numerous cases, is not entitled to deduction of the amounts paid by it; that therefore to deny deduction by petitioner-vendor is contrary to the intent of section 23, Revenue Act of 1934, providing for allowance of taxes paid; that though the petitioner did not in person pay the taxes and interest, such payment in person is not necessary, the

amounts being paid by the vendee as a part of the purchase price of the property sold; that the purchase price belonged to petitioner and therefore the taxes were paid with petitioner's funds; that the effect is the same as if full purchase price had been paid to petitioner and he had handed back to the vendee the amount of taxes and interest with directions to use same in making the payments. The respondent answers in effect that the payment of the taxes and interest by the vendee was on its part a capital expenditure and additional cost of the property; that petitioner did not in fact pay; that what was done, and not what might have been done, must control; that the fact that section 24 (a) (6) of the Revenue Act of 1934 prevents petitioner from being entitled to a loss on the sale is immaterial—the vendee being a corporation with entity separate from that of petitioner—and that therefore the disallowance was proper.

Opinion in this proceeding was promulgated on June 20, 1939, 40 B. T. A. 110. On July 3, 1939, petitioner filed his motion for reconsideration and review by the entire Board of the opinion. The motion was confined to the first issue decided relating to the deduction sought for taxes and interest paid. On July 11, 1939, order was entered vacating the decision and directing review by the Board, and the decision entered June 21, 1939, was vacated and set aside, pending such review. On September 15, 1939, upon review proceeding was rereferred to Division No. 4 for further consideration.

We have in various cases, including *Leamington Hotel Co.*, 26 B. T. A. 1004, considered the question of the position of the vendee who pays vendor's taxes as a part of the purchase price, and have held that the payment was capital expenditure and not deductible as taxes paid. Here we must consider the question of the position of the vendor in such a case. Is he entitled to deduction for taxes (and, herein, interest) paid?

On December 6, 1939, the parties to this proceeding filed their stipulation, thereby stipulating "that the loss to the Petitioner on the sale of the property in question was based upon a sales price to Petitioner, which sales price included the amount of interest and taxes paid by the purchaser."

In our former opinion herein we denied petitioner the deduction claimed. Though showing himself to be the person upon whom the taxes and interest were imposed, *Eugene W. Small*, 27 B. T. A. 1219, and that he was on a cash basis, he had at that time not shown that he was in the position, for income tax purposes, of having paid the taxes.

In the light of the above stipulation, however, we think the petitioner's position must be sustained on this point. It now becomes apparent for the first time that the effect of what was done was the

same as if full purchase price had been paid to petitioner in cash, he had then paid back to the Sterling Discount Corporation the amount of the taxes and interest, and the Sterling Discount Corporation had used the money to pay such interest and taxes in effect as the agent of the petitioner. S. M. 4122, V-1 C. B. 55, upon this subject uses the following language:

Inasmuch as A was the record owner of the property in question as of April 1, 1925, and as under the statutes and court decisions of Massachusetts the record owner as of that date is personally liable for the taxes so assessed, she is entitled to deduct the total amount of taxes paid with respect to the real property in question for the year 1925 under section 214 (a) (3) of the Revenue Act of 1924. However, the taxes assumed and actually paid by her vendee should be included in the selling price of the property for the purpose of determining gain or loss from such sale. The amount so paid should be included as part of the purchase price paid by A's vendee for the purpose of determining gain or loss in the event of subsequent sale by such vendee.

It seems obvious that petitioner, having in effect added the amount to his income as cash received, should then be allowed to deduct it as cash paid for the interest and taxes which the income tax law, section 23 (b) and (c), Revenue Act of 1934, allows as deduction. This is consonant with those cases holding that the vendee is entitled, as to vendor's taxes or interest paid by him, not to deduction as taxes, but to increased base as investment made. *John Hancock Mutual Life Insurance Co.*, 10 B. T. A. 736; *Lifson* v. *Commissioner*, 98 Fed. (2d) 508. The vendee on his part actually expends in payment for the property a fixed amount, including amount of interest and taxes, and is logically entitled to that amount as cost basis; the vendor on his part accounting for the same amount as income, has in effect placed himself in the position of receiving the entire amount, including amount of interest and taxes, and not merely the net amount less those items which he actually received. Thus, in effect, as between vendor and vendee, the amount of interest and taxes is *not* such, but is merely purchase price, to be used by each in calculation of tax consequences; and vendor, putting himself in a position of liability for income tax upon the whole amount received, has in substance paid the taxes and is entitled to deduction therefor. There is thus no duplication of the deduction, as feared by respondent, as would be the effect if vendor were allowed the deduction without accounting in income for full purchase price, including the amount of interest and taxes, for then vendee would have the benefit of the amount as basis and the vendor as deduction from that which was not considered received; whereas when, as here, vendor accounts for the full purchase price, the deduction to which he becomes, as we believe, entitled, does not duplicate the benefit vendee receives by way of basis, but merely cancels the amount which vendor is considered as receiving, above

what he actually receives. In sum and substance, the vendee, having paid the full amount, takes same as his basis; the vendor, though not actually having received the full amount, accounts for all as purchase price, and authorizes the vendee as his agent to pay his, vendor's, interest and taxes, and takes deduction accordingly. *California Sanitary Co., Ltd.*, 32 B. T. A. 122. Thus we arrive at consistent treatment, without duplication, as to both parties. To the circumstances now established herein, we think *Falk Corporation* v. *Commissioner*, 60 Fed. (2d) 204, applicable, for therein the court said:

* * * The object of the statute is to arrive fairly at taxpayer's net income by permitting him to deduct from his gross income what Congress regards as proper items of expense in producing his income.

The stipulation that petitioner's loss from the sale of the property was based upon a sale price including the interest and taxes in question demonstrates the inclusion thereof in his gross income, within the thought just quoted. Petitioner's property gave rise to the deduction. *Merchants Bank Building Co.* v. *Helvering*, 84 Fed. (2d) 478. He now appears in a consistent position in asking the deduction involved. We conclude and hold that the petitioner is entitled to deduction of the amounts included by him in the sale price of the real estate sold, in calculation of loss on the transaction, and paid by his vendee.

II.—The motion for consideration and review by the Board of the previous opinion herein was specifically confined to the above issue as to deduction of interest and taxes. The order directing review by the Board, and, upon review, the order rereferring the proceeding to this division for further consideration were general in terms. We therefore, by reference to the opinion herein promulgated on June 20, 1939, 40 B. T. A. 110, adopt and include herein what we therein set forth as findings of fact and opinion upon the second issue, as to treatment of stock in Finance Co. of the South. We therefore sustain the respondent's method of computing net profit on such stock.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

SMITH, dissenting: I dissent from so much of the opinion of the Board in this proceeding as holds that the petitioner is entitled to deduct from gross income $2,798.24 claimed as interest paid on his behalf by the Sterling Discount Corporation and $4,017.68 representing taxes paid on his behalf by the same corporation.

In his return the petitioner claimed no loss deduction in respect of the transaction whereby he sold the Houston Street property to the Sterling Discount Corporation, nor did he claim the deduction

for the interest and taxes which the vendee assumed as a part of the purchase price. In his petition to the Board he claims the deduction of the interest and taxes, alleging that:

(a) On or about July 21, 1934, I sold improved real estate in the City of Atlanta to the Sterling Discount Corporation, in which I owned more than 50% of the outstanding capital stock. I sustained a loss on this sale which is not allowable under Section 24 (a) 6 of the Revenue Act of 1934. A profit on this sale would have been subject to income tax. Ad valorem taxes were paid on this property during 1934 in the amount of $4,017.68. Interest was paid in 1934 on mortgage secured by this property in the amount of $2,798.24. These payments were made by checks of the Sterling Discount Corporation which I signed as President. Under the decisions, these payments were a part of the purchase price paid by Sterling Discount Corporation for the property sold to them by me. By the same token, these payments of interest and taxes were made with my money and in my behalf and as such are deductible by me when paid as my income tax returns are made on a cash basis.

The parties have stipulated:

* * * that the loss to the Petitioner on the sale of the property in question was based upon a sales price to Petitioner, which sales price included the amount of interest and taxes paid by the purchaser.

The taxpayer's return was made upon the cash receipts and disbursements basis. The interest and taxes claimed as deductions may not be allowed unless those payments were made by the petitioner during the taxable year.

The stipulated facts are that the payments in question were made by the Sterling Discount Corporation. They were made as a part of the purchase price of the property. They constitute an investment of capital by the corporation. They constitute a part of the cost of the property to the corporation. In the case of *Lifson* v. *Commissioner* (C. C. A., 8th Cir.), 98 Fed. (2d) 508; certiorari denied, 305 U. S. 662; rehearing denied, 306 U. S. 618, the court said:

When one purchases land which is subject to a lien for taxes, the subsequent payment of those taxes by the purchaser does not constitute an allowable deduction from gross income, for the reason that the taxes accrued while the land was in other ownership and the payment of them is merely a payment of a part of the cost of acquiring the property. *Merchants Bank Bldg. Co.* v. *Helvering*, 8 Cir., 84 F. 2d 478, 481; *Helvering* v. *Missouri State Life Ins. Co.*, 8 Cir., 78 F. 2d 778, 781; * * *

When the corporation sells the property the gain will be the excess of the sale price over the cost basis, which includes the payments of the interest and taxes in question; and the loss will be the excess of that basis over the amount received by the corporation.

The opinion of the Board holds that the corporation paid the taxes as agent for the petitioner. This is an assumption contrary to fact as shown by the stipulated facts and by the claim made relative thereto by the petitioner.

It seems clear that if the petitioner may deduct the interest and taxes in question there will be a double deduction; for clearly the corporation will be entitled to the deduction in the computation of its gain or loss upon the sale or other disposition of the property. This is the contention made by the respondent. In my opinion it is correct.

The net result of the Board's decision is to give the petitioner the deduction of a loss in respect of the transaction where such loss is contrary to the provisions of section 24 (a) (6) of the statute.