Donald G. Peters and Ruth A. Peters v. Commissioner.
Peters v. Commissioner
Docket No. 6260-69 SC.
United States Tax Court
T.C. Memo 1970-314; 1970 Tax Ct. Memo LEXIS 46; 29 T.C.M. (CCH) 1440; T.C.M. (RIA) 70314; November 16, 1970, Filed. Sherwin C. Peltin, 633 W. Wisconsin Ave., Milwaukee, Wis., for the petitioners. Matthew Stanley, Jr., for the respondent. FAY
Memorandum Opinion FAY, Judge: Respondent determined a deficiency of $691.32 in petitioners' income tax for the taxable year 1967. Concessions having been made, the only issue to be decided is to what extent real property taxes paid to the City of Milwaukee are deductible by petitioners. All *47 of the facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. During the taxable year 1967 petitioners resided in Milwaukee, Wisconsin, and filed a joint Federal income tax return, using the cash method of accounting, with the district director of internal revenue for the district of Wisconsin. Ruth Peters is a party to this action only by virtue of having filed a joint return, and, therefore, Donald Peters will hereafter be referred to as petitioner. On March 1, 1965, petitioner was granted by warranty deed an undivided two-thirds interest as a tenant in common in certain real property. The other one-third interest in the property was owned by June Noah. The real estate was located in the City of Milwaukee. Pursuant to its taxing authority the City of Milwaukee issued a bill for 1966 real property taxes of $594.22. This bill was paid on June 24, 1967, no portion of the tax being actually paid by June Noah. Payment of the taxes was made by the First Wisconsin National Bank, as mortgagee, from an escrow account maintained by the bank for such purpose. The bank has no interest in the property other than as *48 mortgagee. Monthly payments were made to the First Wisconsin National Bank, as mortgagee, including amounts held in escrow for the payment of real estate taxes. These payments were made by Rodon, Inc., a Wisconsin corporation, having no record interest in the property and acting as a mere conduit. Petitioner, Robert P. Peregrine, and Edward R. Cameron each deposited in Rodon's bank account an equal share of the amounts of the checks issued by Rodon to the bank. Neither Peregrine nor Cameron has a record interest in the real estate. Petitioner asserts, in an amended petition, that the entire amount of the taxes paid are deductible from his 1967 income. Respondent claims that having only paid one-third of the taxes out-of-pocket, petitioner is entitled to a deduction only to that extent. Section 164 [1] provides that a cash basis taxpayer may deduct local real property taxes when paid. Section 1.164-1(a), Income Tax Regs., specifies the person entitled to the deduction, stating, "In general, taxes are deductible only by the person upon whom they are imposed." In the case of taxes imposed on property owned by tenants in common, both tenants are equally bound to discharge the obligation. *49 Where, because it is necessary to preserve a tenant's interest in the undivided whole, one tenant pays the entire amount of taxes due, he should be entitled to a deduction for the amount of taxes paid. See Estate of Mary Rumsey Movius, 22 T.C. 391 (1954). [2] It is clear in the case before us that had petitioner issued payment in full of the tax bill directly to the City of Milwaukee, his right to a deduction would be uncontestable. In the case before us, however, petitioner not only employed two intermediaries but also claims a deduction for a portion of the taxes paid by two unrelated parties.
That petitioner employed intermediaries in paying the tax is not fatal to his claim. Taxes paid by a mortgagee on behalf of the landowner are deemed paid *50 by the landowner. Norman Cooledge, 40 B.T.A. 1325 (1939). First Wisconsin National Bank acted in the capacity of mortgagee at the time it paid the taxes. As to Rodon, Inc., the intermediary which furnished the funds used to pay the taxes, 1442 we believe, as the parties apparently agree, that it acted merely as a conduit and as such should be disregarded for purposes of determining the propriety of the deduction at hand. This leaves as the only matter for consideration the argument of respondent that in order to qualify as a deduction the payment of taxes must have been either an out-of-pocket expenditure of petitioner or directly attributable to him. Respondent applies this argument to the facts of the present case and concludes that two-thirds of the taxes paid were paid by Peregrine and Cameron; petitioner has not disclosed the relationship of these parties to himself nor offered any other proof tending to show that the payments made by the third parties are in any way attributable to him; therefore, petitioner is at most entitled to a deduction of only one-third of the amount paid for taxes. We disagree with respondent's basic premise. There is no specified *51 statutory requirements that the payment of taxes be an out-of-pocket expenditure of, or directly attributable to, the property owner seeking the benefit of the deduction. [3] The exact relationship between petitioner, Peregrine, and Cameron is undisclosed by the record. It is clear to us that the satisfaction of petitioner's tax obligation confers a benefit on petitioner in the nature of either income, a loan, repayment of a loan, or a gift. See Old Colony Tr. Co. v. Commissioner, 279 U.S. 716 (1929). The record is void of any evidence enabling us to decide which of the above classifications pertains to the case before us, nor is such a decision necessary. Regardless of whether satisfaction of petitioner's obligation is income, a gift, a loan, or repayment of a loan, at least to the extent that it satisfies his obligation it should be deductible by him. [4] Had Peregrine and Cameron transferred the money to petitioner and he in turn used those funds to pay real estate taxes, his right to a deduction would be clear. A case such as the one before us, where third parties choose to omit a step and transfer funds directly to petitioner's obligee, should not be treated differently *52 than if all intermediary steps had been taken. June Noah owns a one-third interest in the property and as such one-thord of the taxes owed was an obligation belonging to her. In the absence of proof that the payment by Peregrine and Cameron was not in part on her behalf we conclude that petitioner is entitled to a deduction for two-thirds of the taxes paid, i. e., $396.15. *53 Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated. SEC. 164. TAXES. (a) General Rule. - Except as otherwise provided in this section, the following taxes shall be allowed as a deduction for the taxable year within which paid or accrued: (1) State and local, and foreign, real property taxes. ↩
2. For a more recent case see Lulu L. Powell, T.C. Memo. 1967-32↩.
3. On the contrary, sec. 1.164-6, Income Tax Regs.↩, provides for a deduction by the buyer or seller of all or a part of the real estate taxes paid, depending on the circumstances, regardless of who actually paid them. 4. For a revenue ruling holding that where a third party (a bank) satisfied a tax obligation of a taxpayer it was included in his income and deductible under sec. 164, see Rev. Rul. 69-497, 1969-2 C.B. 23, where it says: It is held that if the national banks in Rhode Island elect to pay the tax assessed against depositors in order to compete with State banks and elect to receive no reimbursement from the depositors, the taxes so paid are deductible as business expenses under section 162 of the Code. Further, each depositor in such case is required, under the provisions of section 61 of the Code, to report as taxable income the amount of tax paid on his deposit and may deduct the amount as a tax paid under section 164(a) of the Code. See also Hazel McAdams, 15 T.C. 231 (1950), aff'd 198 F. 2d 54 (C.A. 5, 1952); Royal Oak Apartments, Inc., 43 T.C. 243↩ (1964).